ALAN AND CHERYL LYNN BRANDT, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Brandt v. Commissioner
Docket No. 8505-91
United States Tax Court
T.C. Memo 1993-411; 1993 Tax Ct. Memo LEXIS 418; 66 T.C.M. (CCH) 618; September 7, 1993, Filed *418 An order granting respondent's motion for damages under section 6673 in the amount of $ 5,000 will be issued and decision will be entered under Rule 155. Alan Brandt and Cheryl Lynn Brandt, pro sese. For respondent: Michelle Loesch. JACOBS
JACOBS
MEMORANDUM FINDINGS OF FACT AND OPINION JACOBS, Judge: Respondent determined deficiencies in petitioners' Federal income tax and additions to tax as follows: Additions to tax
Year
Deficiency
Sec.
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec.6661
6651(a)(1)
1987
$ 19,911
$ 3,980
$ 996
[1]
$ 3,789
By an amendment to answer, respondent seeks to increase the deficiencies and additions to tax due to computational errors, as follows: Additions to Tax
Deficiency
Sec. 6651(a)(1)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
Sec.
6661
$ 20,442
$ 4,113
$ 1,022
[1]
$ 5,111
All section references are to the Internal Revenue Code in effect for the year in issue, and all Rule references *419 are to the Tax Court Rules of Practice and Procedure. All dollar amounts are rounded. After a concession by respondent, [1] the issues for decision are: (1) Whether petitioners failed to report $ 18,631 of Schedule C (business) income for 1987. We hold that they did. (2) Whether petitioners failed to report $ 1,503 of dividend income and $ 13 of interest income for 1987. We hold that they did. (3) Whether petitioners are entitled to $ 41,026 of claimed business expenses. We hold that they are not. (4) Whether petitioners are liable for an addition to tax under section 6651. We hold that they are. (5) Whether petitioners are liable for additions to tax under section 6653(a)(1)(A) and (B). We hold that *420 they are. (6) Whether petitioners are liable for an addition to tax under section 6661. We hold that they are. (7) Whether petitioners are liable for a penalty pursuant to section 6673(a). We hold that they are required to pay a penalty in the amount of $ 5,000. FINDINGS OF FACT Petitioners were residents of California on the date they filed their petition. [2]
Mr. Brandt attended several years of college but did not graduate. He has a background in psycholinguistics, physics, and marketing. Mrs. Brandt is a college graduate and a practicing registered nurse. Neither took any tax courses in college. Petitioners filed their 1987 income tax return on December 16, 1988. On the return, they reported: Wages, salaries, tips
$ 27,827 Interest income
13 State income tax refund
647 Business loss (Schedule C) [1]
(20,989)
Other income
44 Total (and adjusted gross income)
$  7,542 Standard deduction
( 3,760)
Exemptions
( 3,800)
Taxable income
-0- *421 Petitioners claim that their 1987 return was prepared by an enrolled agent of the IRS who intimidated and coerced them into mistakenly filing the return. Petitioners claim that they are not subject to Federal income taxation because they "are not 'TAXPAYERS' as that term is designated for [sic] the Internal Revenue Code". Respondent determined that in 1987 petitioners received the following amounts of unreported income: Schedule C Income
From N.C.C., Inc.
$ 16,986
From Mass. Indemnity and
Life Insurance Co.
1,645
$ 18,631
Dividends
From American Electric
Power Co.
1,503
Interest
From Security Pacific
National Bank
13
In addition, respondent disallowed the claimed $ 41,026 of business deductions on the basis of petitioners' failure to substantiate. Petitioners presented no meaningful evidence at trial. Mr. Brandt admitted receiving the amount of income as determined by respondent. Petitioners presented no evidence to substantiate their claimed business expenses. Petitioners filed tax protester type documents with the IRS and the Court. They contend that: 1. The IRS is a private corporation operating under international treaty. 2. The IRS is acting *422 as the agent of a foreign principal and is under contract with "the International Bank for Reconstruction and Development * * * and * * * The International Monetary Fund * * *, a.k.a. the Treasury". 3. The IRS is an agency of the International Criminal Police Organization. 4. The IRS is a paramilitary organization. 5. The IRS is engaged in commerce as a collection agency under contract, and is therefore bound by the Uniform Commercial Code. 6. The IRS acts on the presumption that an "assigned foundational agreement/instrument exists between the United States and the citizen/franchisee knowing that very few citizens/non citizens have the knowledge or the courage to resist their [sic] extortion". Respondent informed petitioners that their arguments were without merit and have been repeatedly rejected by the courts. Respondent warned petitioners that if they pursued their protester type arguments, respondent would seek damages under section 6673. Petitioners ignored respondent's warnings. Accordingly, respondent filed a motion for damages under section 6673. OPINION As a general rule, respondent's notice of deficiency is entitled to a presumption of correctness, and petitioners *423 must present evidence to overcome such presumption. Rule 142(a); ; , affg. . Petitioners failed to present any evidence rebutting respondent's determinations. In fact, petitioners acknowledge receipt of all the income at issue. Petitioners failed to present evidence supporting the claimed $ 41,026 of business deductions. Such failure results in our not having any basis on which to estimate the amount, if any, of allowable deductions. ; , affd. without published opinion . Petitioners make tired, totally nonmeritorious arguments of the type repeatedly rejected by the courts. See, e.g., (rejecting an argument in the amended petition that the taxpayer had no obligation under the Internal *424 Revenue Code); ; (rejecting a contention by a "resident of the Republic of the State of California" that he was a nonresident alien individual); (rejecting the taxpayer's argument that as a citizen and resident of the "Republic of the State of California" he was exempt from taxation). Thus, we sustain respondent's deficiency determinations. With respect to the asserted increased deficiencies and corresponding increases in additions to tax set forth in respondent's amendment to answer, respondent generally bears the burden of proving the correctness thereof. Rule 142(a). In this case, the notice of deficiency erroneously subtracted, rather than added, petitioners' unreported dividends and interest income. The increased deficiency and additions to tax correct these computational errors. Petitioners' correct 1987 tax liability can be computed in the arithmetic computation required under Rule 155. See . *425 Petitioners presented no evidence contesting respondent's determination of self-employment tax under section 1401. Therefore, we sustain respondent's determination in this regard. Section 6651(a)(1) imposes an addition to tax for failure to timely file a return, unless the taxpayer establishes that the failure was due to reasonable cause and not willful neglect. The addition equals 5 percent of the tax required to be shown on the return for the first month, with an additional 5 percent for each additional month or fraction of a month during which the failure to file continues, not to exceed a maximum of 25 percent. The burden of showing reasonable cause, and showing that the time for filing was validly extended, rests with petitioners. Rule 142(a); , affg. . Petitioners failed to file a timely return for 1987 and presented no evidence showing that they obtained an extension of time for filing or that they had reasonable cause for their late filing. Accordingly, we sustain respondent's determination with respect to petitioners' liability for the *426 addition to tax under section 6651. Section 6653(a)(1)(A) provides for an addition to tax of 5 percent of the underpayment of tax if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes a further addition to tax equal to 50 percent of the interest due on the portion of the underpayment attributable to the negligence. Negligence is the lack of due care, or the failure to do what an ordinarily prudent person would do under the circumstances. . Negligence includes "any failure to make a reasonable attempt to comply with the provisions" of the internal revenue laws. Sec. 6653(a)(3). Petitioners bear the burden of establishing that the negligence addition to tax does not apply. Rule 142(a); Petitioners have not made such a showing. Thus, we sustain respondent's determination with respect to petitioners' liability for the additions to tax due to negligence under section 6653(a)(1)(A) and (B). Section 6661 provides for an addition to tax equal to 25 percent of the *427 amount of any underpayment attributable to a substantial understatement of income. Under section 6661(b)(1)(A), a substantial understatement is defined for individual taxpayers as the greater of $ 5,000 or 10 percent of the tax required to be shown on the return. The amount of the understatement is reduced by the portion of the understatement attributable to the tax treatment of any item if there is or was substantial authority for the treatment, or if there was adequate disclosure of the relevant facts affecting treatment of the item in the return or a statement attached to it. Sec. 6661(b)(2)(B). The amount of the deficiency (even considering the concession by respondent) meets the definition of a substantial understatement for this purpose. Petitioners presented no evidence or substantial authority to support their position. There was no adequate disclosure of the relevant facts affecting the deduction of the expenses, nor was there a statement attached to their return. Thus, we sustain respondent's determination with respect to petitioners' liability for the addition to tax under section 6661. Under section 6673, a taxpayer may be required to pay to the United States a *428 penalty not to exceed $ 25,000 if it appears to the Court that the taxpayer instituted or maintained the proceeding primarily for delay or if the taxpayer's position in the proceedings is frivolous or groundless, or if the taxpayer unreasonably failed to pursue available administrative remedies. Here, the record reflects that petitioners were asked to meet with Internal Revenue Service representatives to furnish records and documents relating to the adjustments in the deficiency notice. Petitioners failed to do so. Petitioners were unresponsive and uncooperative in responding to respondent's request for production of documents and respondent's attempts to stipulate the facts. Petitioners continually made frivolous and groundless tax protester type arguments. They were warned that they could be subject to a penalty under section 6673 and were furnished with appropriate authorities. Petitioners' pursuit of their groundless claims resulted in a waste of this Court's time and resources. Other taxpayers "with genuine controversies were delayed while we considered this case". See ; see also , *429 affg. an Order of this Court dated July 13, 1984. Accordingly, we award $ 5,000 to the United States under section 6673. To reflect the foregoing, including the computational errors in the deficiency notice in the treatment of the adjustments relating to dividends and interest income, as well as respondent's concession, An order granting respondent's motion for damages under section 6673 in the amount of $ 5,000 will be issued and decision will be entered under Rule 155. Footnotes
1. 50 percent of the interest due on the portion of the underpayment attributable to negligence.↩
1. 50 percent of interest due on the portion of the underpayment attributable to negligence.↩
1. At trial, after prompting by the Court, Mrs. Brandt presented checks and an account statement showing that she had not withdrawn her IRA in 1987. Rather, she had rolled it over into another IRA account in 1988. Respondent thereafter conceded the adjustment ($ 2,648) to gross income relating to this issue.↩
2. Petitioners claim that they are "inhabitants of the California republic, not of the corporate State of California". As such, they claim to be "nonresident aliens", not subject to Federal income taxation.↩
1. The business loss results from $ 20,037 being reported as business income and $ 41,026 being claimed as business deductions.↩